11-3712
Kalansuriya v. Holder

BIA
A097 538 432

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of June, two thousand thirteen.

PRESENT:
    REENA RAGGI,
    DENNY CHIN,
    RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*

_____

GAMINI KALANSURIYA,
        *Petitioner,*

        v.                              11-3712
                                        NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Visuvanathan Rudrakumaran, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant Attorney General; Luis E. Perez, Senior Litigation Counsel; Joseph D. Hardy, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Gamini Kalansuriya, a native and citizen of Sri Lanka, seeks review of an August 18, 2011, decision of the BIA denying his motion to reopen. *In re Gamini Kalansuriya*, No. A097 538 432 (B.I.A. Aug. 18, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). There is no dispute that Kalansuriya's motion to reopen was untimely because it was filed more than 90 days after the BIA issued its final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); *see also* 8 C.F.R. § 1003.2(c)(2).

Kalansuriya contends, however, that his untimely filing should be excused because he obtained new and material evidence demonstrating that failed asylum seekers and criminal deportees who are returned to Sri Lanka are routinely persecuted or tortured by the Sri Lankan government.

*See* 8 U.S.C. § 1229a(c)(7)(C)(ii).  We conclude that the BIA's denial of Kalansuriya's motion to reopen as untimely was not an abuse of discretion.

Pursuant to 8 U.S.C. § 1229a(c)(7)(B), the movant bears the burden of supporting his motion to reopen with relevant evidence.  *See INS v. Abudu*, 485 U.S. 94, 104 (1988).  "In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."  *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007); *see* 8 C.F.R. § 1003.2(c)(3)(ii).  Because Kalansuriya failed properly to support his motion with *any* evidence describing conditions in Sri Lanka for returning asylum seekers or criminal deportees at the time of his 2008 merits hearing, we conclude that the BIA's finding of no materially changed country conditions is supported by substantial evidence and that the BIA did not abuse its discretion in denying the motion to reopen on that basis.  *See* 8 U.S.C. § 1229a(c)(7)(B); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk